IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-64 |
| | ) | |
| CORNEL THOMPSON, JR., | ) | (PHILLIPS/GUYTON) |
| | ) | |
| Defendant. | ) | |

**ORDER OF CONTINUED DETENTION PENDING TRIAL**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court on the Defendant Cornel Thompson's Motion to Reconsider Order of Detention [Doc. 136], filed on November 2, 2009. The Defendant asks the court to release him pending the trial of this matter and states that he is willing to abide by any conditions or combination of conditions imposed by the Court.

On July 24, 2009, the undersigned conducted a detention hearing and ordered [Doc. 88] the Defendant to be detained pending trial. The Court found probable cause to believe that the Defendant had committed an offense for which a maximum term of ten years of imprisonment or more was prescribed under the Controlled Substances Act. 18 U.S.C. § 3142(e)(3)(A). The Court also found that the Defendant failed to rebut the presumption that no condition or combination of conditions will reasonably assure the Defendant's appearance as required and the safety of the community. See 18 U.S.C. § 3142(e)(3). Accordingly, the Court concluded that a serious risk existed that the Defendant would not appear and would endanger the safety of another person and

1

the community. Based upon the proffers of counsel and the Pretrial Services Report, which was made an exhibit to the hearing, the Court expressly found that detention was required due to the following factors from 18 U.S.C. § 3242(g):

> [The] nature and circumstances of the offense (heroin trafficking), weight of the evidence, history and characteristics of the defendant (no established residence and slight family ties to the area)[,] probation status in Tennessee State Court, with probation violations, (past and present); and nature and seriousness of danger to public if released (recent record of multiple identity thefts). The charged offense is inherently dangerous. The defendant, at the time of arrest, tested positive for illegal drug use. See United States v. Hernandez, 2002 WL 1377911 (E.D.TN, Edgar). See also United States v. Williams, 753 F.2d 329, 335 (4th Cir. 1985). The defendant has two prior felony drug convictions, and violent crime convictions. The defendant also has a fugitive history, indicating a strong risk of flight. The defendant has not rebutted the presumption in favor of detention established by the statute.

In his motion, the Defendant states that he has lived in Knoxville for two years and that he was living with his fiancee and minor daughter at the time of his arrest for the instant offense. He states that his fiancee is willing to pledge her house as security for his bond. He adds that his criminal history is comprised of domestic assault convictions, which are more than seven years old, and theft convictions, which are over ten years old and which he committed in order to obtain money to buy drugs. The Defendant relates that he is presently on a waiting list for drug treatment at Center Pointe. He states that at the time of his arrest, he was in full compliance with the conditions of his state probation for a series of recent thefts. He maintains that if he is placed on pretrial release, he can return to his job at Ruby Tuesday.

The Government opposes [Doc. 144] the Defendant's motion, contending that the Defendant has failed to provide any new information that has a material bearing upon the issue of his release.

It argues that the assertions made by the Defendant in his motion do not constitute new information that was unavailable to the Defendant at the time of the detention hearing. Moreover, it states that the Defendant's fiancee's willingness to pledge her property as a security for the Defendant's bond is not material to the issue of the Defendant's dangerousness. It asserts that the Defendant's status of being on a waiting list for drug treatment does not assure his appearance at Court proceedings or alleviate the concern about the Defendant's dangerousness. Accordingly, it contends that the Defendant's motion should be denied.

The Court may reopen a detention hearing

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2). In the present case, the Court finds that the bulk of the information stated in the Defendant's motion to reconsider is not new information that was unknown to the Defendant at the time of the July 24 detention hearing. Arguably, the Defendant's assertions that (1) he was in full compliance with the terms and conditions of his state probation at the time of his arrest, (2) that he is on a waiting list for drug treatment at Center Pointe, and (3) that his fiancee is now willing to pledge her house to secure the Defendant's bond are matters that were not discussed at the July 24 hearing. The question of reopening the detention issue turns upon whether this information has a material bearing on the Defendant's appearance and the safety of the community, should the Defendant be released on conditions.

The Court finds the fact that the Defendant is now seeking drug treatment and his fiancee's

3

willingness to pledge her home to secure the Defendant's bond do not bear materially upon the Defendant's dangerousness to the community. The Pretrial Services Report, created July 24, 2009, states that alternatives to detention such as a referral to drug treatment "have been considered but ruled out because they do not address the issues of flight/danger associated with the defendant." The Court continues to agree with this assessment by the pretrial services officer. Additionally, with regard to the proposed bond on the Defendant's fiancee's house, the Court finds that this potential condition would only be relevant to the issue of flight, not the issue of the Defendant's dangerousness. Moreover, the Defendant was living with his fiancee at the time of his arrest on July 22, 2009. Despite this living arrangement, the Pretrial Services Report reveals that the Defendant has convictions for theft occurring in March and May 2009 and pending charges for theft and unauthorized use of a credit card occurring in May and June 2009. The Court concludes from these facts that the Defendant's fiancee enjoys no control or influence over the Defendant's commission of crimes while he resides with her.

The Defendant's assertion that he was in full compliance with the terms and conditions of his state probation at the time of his arrest would, at first blush, suggest that he would abide by the conditions of release imposed by this Court. On the other hand, the Defendant's history of four instances of probation revocation and status as a fugitive from justice while fleeing to avoid prosecution for a probation violation in South Carolina undermines any credit that the Court might give the Defendant for compliance with his present state probation. Accordingly, the Court finds that the "new" information provided by the Defendant in his motion to reconsider does not have a material bearing upon the Court's finding that he is a danger to the community and a risk of flight.

4

The Defendant has not presented information that would warrant the reopening of his detention hearing. See 18 U.S.C. § 3142(f)(2). Moreover, even taking the information provided by the Defendant as true, the Court finds that it does not alter the Court's previous finding that the Defendant has failed to rebut the presumption that there are no conditions or combination of conditions that would assure his appearance as required and the safety of the community. Thus, the Defendant's Motion to Reconsider Order of Detention [**Doc. 136**] is **DENIED**.

Finally, the Court notes that the Defendant filed a *pro se* letter [Doc. 153], which was docketed on December 7, 2009. First, the Court observes that this letter is not properly before the Court because the Defendant is represented by counsel in this case. Generally, *pro se* filings while the party is represented by counsel violate the local rules:

> Whenever a party has appeared by attorney, that party may not thereafter appear or act in his or her own behalf in the action or proceeding, unless an order of substitution shall first have been made by the court, after notice by the party to the attorney and to the opposing party. However, the court may, in its discretion, hear a party in open court, notwithstanding the fact that the party is represented by an attorney.

E.D.TN LR83.4(c). The Defendant's *pro se* filing, while not docketed as a motion, seeks to notify the Court of information the Defendant deems relevant to the issue of his detention. The Defendant has been continuously represented by counsel since his entry into this case, and he presents no valid or compelling reason for granting him permission to file *pro se* pleadings while he continues to be represented by counsel. Moreover, the Defendant runs the risk of waiving his attorney-client privilege and disclosing the details of his defense strategy by such filings. Nevertheless, the Court finds that the matters the Defendant seeks to raise in his letter echo those already raised by his attorney in the Motion to Reconsider Order of Detention. As such, the Court has considered and

rejected those assertions as changing this Court's determination that the Defendant should be detained pending his trial.

The Defendant continues to be committed to the custody of the Attorney General or his designated representative for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge