IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-64 |
| | ) | |
| CORNEL THOMPSON, JR., | ) | (PHILLIPS/GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on seven pretrial motions filed by Defendant Cornel Thompson, Jr., on September 1, 2009:

(1) Motion for Agents, Officers and Employees to Disclose and Provide Evidence in their Possession, Custody or Control to the Prosecuting Attorney [Doc. 105];

(2) Motion for Discovery and Inspection [Doc. 106];

(3) Motion for Pretrial Written Summary of Expert Testimony [Doc. 107];

(4) Motion for Pretrial Notice of Government's Intent to Use 404(b)-Type Evidence [Doc. 108];

(5) Motion for Pretrial Notice of Government's Intent to Use 608 or 609 Impeachment Evidence [Doc. 111];

(6) Motion for Pretrial Notice of Government's Intent to Use Evidence [Doc. 112]; and

(7) Motion to Exclude Testimonial Statements of Co-Defendants

1

or, in the Alternative, to Sever [Doc. 113].

The parties appeared for a hearing on all pending pretrial motions on November 3, 2009. Assistant United States Attorney Tracy L. Stone represented the Government. Attorney Tracy Jackson Smith appeared on behalf of the Defendant, who was also present. The Court will briefly address each of these motions in turn.

## I. DISCLOSURE OF INFORMATION BY LAW ENFORCEMENT [Doc. 105]

The Defendant asks [Doc. 105] the Court to order the employees of certain law enforcement agencies to provide all information relating to the investigation of this case to the prosecuting attorney. The Government responds [Doc. 129] that a Court order is not necessary because it is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963), and it will take the appropriate steps to insure proper disclosure. It also contends that, as a practical matter, it is not equipped to be the repository of all information and evidence, including controlled substances and firearms, at its office.

At the November 3 hearing, defense counsel stated that she was specifically looking for the results of any interviews with the Defendant by the Knoxville Police Department. She stated that she had spoken with AUSA Stone about this issue and that he had agreed to check with the KPD regarding any statements by the Defendant. Attorney Smith informed the Court that she would advise chambers about whether she wanted to proceed on this motion. To date, the Court has not heard from Attorney Smith that the issue is still in controversy. Accordingly, the Defendant's Motion for Agents, Officers and Employees to Disclose and Provide Evidence in their Possession, Custody or Control to the Prosecuting Attorney [**Doc. 105**]

2

Case 3:09-cr-00064-TWP-HBG   Document 180   Filed 01/15/10   Page 2 of 10   PageID #: 568

is **DENIED as moot**, because the parties have resolved the issue.

## II. DISCOVERY [Doc. 106]

The Defendant asks the Court to order the Government to produce the following discovery pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure:

>   (1) The Defendant's oral statements to any Government agent before or after arrest,
>
>   (2) The Defendant's written or recorded statements,
>
>   (3) Access to any papers, photos, or other tangible objects the Government intends to use in its case-in-chief;
>
>   (4) Access to the results or reports of any scientific tests that the Government intends to use in its case-in-chief
>
>   (5) Details of the circumstances of the Defendant's contact with FBI Special Agent Andrew Chapman on April 7 and 8, 2009; and
>
>   (6) Information regarding whether the Defendant is an "aggrieved person" under Title III of the Omnibus Crime Control Act and, if yes, all tapes and transcripts of any electronic surveillance.

The Government responds [Doc. 129] that it has fulfilled its discovery obligations under Rule 16(a)(1)(A) and that it will immediately disclose any additional discovery about which it subsequently learns. Also, with regard to request number five, the Government states that, as the Defendant is aware, he approached law enforcement on his own on April 7, 2009, seeking to provide information on a Knoxville heroin and Oxycontin ring. The Government states that it has provided the Defendant with a DVD and a CD of his interview on April 8, 2009.

During the November 3 hearing, defense counsel stated that AUSA Stone had agreed to make Agent Chapman available for her to address some of the specific issues raised in

3

her motion. She asked the Court to reserve its ruling on this motion and stated that she would advise chambers about whether she wanted to proceed on this motion. To date, the Court has not heard from Attorney Smith that any issues raised in this motion are still in controversy.

Early in this case and well before Defendant Thompson was brought into it, the Court entered an Order on Discovery and Scheduling [Doc. 24], governing the disclosure of Rule 16 discovery. The Court has already ordered the discovery requested by the Defendant in paragraphs A (Defendant's written or recorded statements and the results of scientific tests), B (Defendant's oral statements and papers, documents, photographs, and tangible objects), and J (electronic surveillance). Regarding the circumstances surrounding the Defendant's meeting with Agent Chapman on April 7 and 8, 2009, the Government disclosed details of this meeting in its response, and the parties indicated at the hearing that they were working toward resolution of any remaining questions. Accordingly, because the Court has already ordered the relief requested and the parties have resolved any remaining issues, the Defendant's Motion for Discovery and Inspection **[Doc. 106]** is **DENIED as moot**.

### III. PRETRIAL WRITTEN SUMMARY OF EXPERT TESTIMONY

Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Evidence, the Defendant moves [Doc. 107] the Court to direct the Government to disclose a written summary of all expert testimony and opinions that it intends to use at trial. The Defendant requests that this information be provided as soon as possible. The Government responds [Doc. 129] that expert notice under Rule 16(a)(1)(G) is already ordered in the Court's Order on Discovery and Scheduling and that it will provide this information in compliance with the time frame

4

established in that order. At the November 3 hearing, defense counsel acknowledged that the Government had agreed to provide the requested information.

Paragraph L of the Court's Order on Discovery and Scheduling [Doc. 24] requires the Government to disclose the expert information required by Rule 16(a)(1)(G) at least three weeks before trial. The Defendant offers no reason for why this time frame is insufficient in this case. Moreover, the Government's response reflects that by a letter dated June 29, 2009, it informed the Defendant that it will call a chemist to testify as the to the analysis of the drugs seized in this case and a law enforcement officer to testify regarding the type and value of the drugs seized as well as about the method of operation in this alleged drug ring. Although this general information does not fulfill the Government's obligations under Rule 16(a)(1)(G), it should permit the Defendant to determine whether he will need to arrange for his own experts or, at least, to anticipate how he will prepare to meet this evidence. Accordingly, to the extent that the Defendant requests expert disclosure that differs from that required in the Court's Order on Discovery and Scheduling, the Motion for Pretrial Written Summary of Expert Testimony [**Doc. 107**] is **DENIED**.

### IV. PRETRIAL NOTICE OF 404(b) EVIDENCE [Doc. 108]

The Defendant requests [Doc. 108] that the Court order the Government to disclose any evidence that it plans to use at trial pursuant to Rule 404(b), Federal Rules of Evidence, so that the Defendant can object to the admission of the evidence or prepare to defend against it at trial. The Defendant also asks that the Court's order prohibit the Government from introducing any "other acts" evidence until the trial court determines on the record and outside of

5

the jury's presence that the evidence is admissible. The Government responds [Doc. 129] that it will provide notice of any 404(b) evidence that it plans to use in its case-in-chief seven days before trial, as ordered by the Court. At the November 3 hearing, defense counsel stated that the Government had agreed to provide the requested information.

Rule 404(b) provides that upon the defendant's request, the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). This Court's Order on Discovery and Scheduling [Doc. 24, para. I] states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. The Defendant has given no compelling need for an earlier disclosure, and the Court finds no reason to disturb the seven-day time frame provided in the Order on Discovery and Scheduling. Accordingly, the Defendant's Motion for Pretrial Notice of Government's Intent to Use 404(b)-Type Evidence [**Doc. 108**] is **DENIED** in light of the fact that Order on Scheduling and Discovery already adequately provides for pretrial notice of the Government's intention to introduce 404(b) evidence.

### V. PRETRIAL NOTICE OF IMPEACHMENT EVIDENCE [Doc. 111]

The Defendant moves [Doc. 111] the Court pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure to require the Government to give written pretrial notice of any opinion or reputation evidence that it intends to use at trial pursuant to Rules 608 or 609 of the Federal Rules of Evidence. The Defendant asks that this notice be provided as soon as possible so that the Defendant might have the opportunity to object to its admissibility before

6

trial and to prepare to defend against it at trial. The Government resists [Doc. 129] providing pretrial notice of impeachment evidence pursuant to the Jencks Act.

Rule 608 of the Federal Rules of Evidence permits a party to challenge the credibility of a witness by introducing evidence of the witness's reputation for truthfulness or untruthfulness. Rule 609 outlines the circumstances under which a witness may be impeached by evidence of a criminal conviction. Neither of these rules requires the Government to give pretrial notice that it intends to use this type of evidence, except that it must give notice of an intent to use a conviction that is over ten years old. See Fed. R. Evid. 608, 609(b). Nor do the Federal Rules of Criminal Procedure require the Government to disclose the information at issue. See Fed. R. Crim. P. 12, 16. Accordingly, the Court finds that the Defendant's Motion for Pretrial Notice of Government's Intent to Use 608 or 609 Impeachment Evidence [**Doc. 111**] is not well taken, and it is **DENIED**. If the admissibility of such evidence becomes an issue at trial, the parties shall, out of the presence of the jury, advise the District Court, so that the admissibility of the proposed evidence can be determined.

### VI. PRETRIAL NOTICE UNDER RULE 12(B)(4)(b) [Doc. 112]

Pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure, the Defendant asks [Doc. 112] the Court to order the Government to give written notice of all evidence that it intends to use in its case-in-chief at trial. He maintains that such written notice is necessary for him to have the opportunity to object to the admissibility of the evidence. He also requests that the notice distinguish between the evidence to be used in the Government's case-in-chief and any other evidence the Defendant is entitled to discover. The Government responds

7

[Doc. 129] that Rule 12(b)(4)(B) does not entitle the Defendant to the requested notice. It also states that the Defendant has notice of the evidence seized pursuant to the search warrants in this case and the statements that he made to law enforcement. It maintains that Rule 12(b)(4)(B) requires no additional disclosures in this case.

Rule 12(b)(4)(B) (formerly, Rule 12(d)) of the Federal Rules of Criminal Procedure requires the government, upon request of the defendant, to give notice to the defendant of the government's intent to use certain evidence at trial. The rule is limited in scope. By its own terms, it is limited to evidence the defendant would be entitled to discover under Rule 16, Federal Rules of Criminal Procedure. It also explicitly limits disclosure to evidence the government intends to use in its case-in-chief. Furthermore, this "provision contemplates motions filed in preparation for actual or potential motions to suppress evidence." United States v. Lanier, 578 F.2d 1246, 1254 (8th Cir.), cert. denied, 439 U.S. 856 (1978).

Rule 12(b)(4)(B) is not designed nor intended to be used to obtain more specific discovery than that provided by Rule 16. See Lanier, 578 F.2d at 1254. Rather, Rule 12(b)(4)(B) is intended to facilitate the making of pretrial suppression motions by allowing the defendant to avoid filing a motion to suppress when the government does not intend to use the evidence. Thus, to the extent that a defendant does object to certain evidence, and/or plans to file a motion to suppress certain evidence, the government, in response to a Rule 12(b)(4)(B) request, should give notice of whether it intends to use such evidence in its case-in-chief.[1] Here,

---

[1] The Court notes that the Government is not required to wait for a defendant's request before notifying the defendant of evidence it intends to use in its case-in-chief. See Fed. R. Crim. P. 12(b)(4)(A). In cases involving evidence, which likely or typically implicates a suppression issue (e.g., evidence obtained in searches, confessions, the defendant's statements, the defendant's criminal record, expert evidence, intercepted communications, etc.), the government is encouraged

8

the Government has given notice in its response pursuant to Rule 12(b)(4)(B) of certain evidence. Accordingly, the Court finds that the Defendant has received the notice for which he asks in his motion, although not necessarily in the format requested. Thus, the Defendant's Motion for Pretrial Notice of Government's Intent to Use Evidence [**Doc. 112**] is **DENIED as moot**.

### VII. EXCLUSION OF CODEFENDANT'S STATEMENTS OR SEVERANCE [Doc. 113]

Finally, the Defendant moves [Doc. 113] the Court to exclude the testimonial statements of his codefendants or, alternatively, to sever him from his codefendants for trial. The Government responds [Doc. 129] that the motion is moot because it does not anticipate offering any confessions made by non-testifying codefendants or conspirators, nor does it intend to offer non-testimonial hearsay statements from any person who does not testify at trial. At the November 3 hearing, defense counsel declined to present any argument on this motion, noting that the Government did not intend to offer any of the objectionable statements at trial. The Court finds that the parties have resolved the issue and, thus, that the Defendant's Motion to Exclude Testimonial Statements of Co-Defendants or, in the Alternative, to Sever [**Doc. 113**] is **DENIED as moot**.

---

to take the initiative to disclose its intent to use such evidence in its case-in-chief pursuant to 12(b)(4)(A) before a 12(b)(4)(B) request is made.

## VIII. CONCLUSION

Accordingly, the Court **ORDERS** as follows:

(1) The Defendant's Motion for Agents, Officers and Employees to Disclose and Provide Evidence in their Possession, Custody or Control to the Prosecuting Attorney [**Doc. 105**] is **DENIED as moot**;

(2) The Defendant's Motion for Discovery and Inspection [**Doc. 106**] is **DENIED as moot**;

(3) The Motion for Pretrial Written Summary of Expert Testimony [**Doc. 107**] is **DENIED**;

(4) The Defendant's Motion for Pretrial Notice of Government's Intent to Use 404(b)-Type Evidence [**Doc. 108**] is **DENIED**;

(5) The Defendant's Motion for Pretrial Notice of Government's Intent to Use 608 or 609 Impeachment Evidence [**Doc. 111**] is **DENIED**;

(6) The Defendant's Motion for Pretrial Notice of Government's Intent to Use Evidence [**Doc. 112**] is **DENIED as moot**; and

(7) The Defendant's Motion to Exclude Testimonial Statements of Co-Defendants or, in the Alternative, to Sever [**Doc. 113**] is **DENIED as moot**.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge

10

Case 3:09-cr-00064-TWP-HBG   Document 180   Filed 01/15/10   Page 10 of 10   PageID #: 576