IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-64 |
| | ) | |
| CORNEL THOMPSON, JR., | ) | (PHILLIPS/GUYTON) |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on two pretrial motions filed by Defendant Cornel Thompson, Jr., on September 1, 2009, and both styled as Motions in Limine [Docs. 109 and 110]. The first Motion in Limine [Doc. 109] asks for a ruling on the existence of the alleged conspiracy prior to the introduction of any evidence of the statements or activities of co-conspirators. The second [Doc. 110] requests that the District Court prohibit any evidence of the Defendant's criminal history until it has held a jury-out hearing to determine if the probative value of the evidence substantially outweighs its prejudicial effect. The Court will address each of these requests in turn.

**Pretrial Determination of the Existence of the Conspiracy**

The first Motion in Limine [Doc. 109] asks the Court to order the Government not to introduce any statements of or evidence of the activities of codefendants until the District Court

1

determines that a conspiracy existed and that the Defendant was a member of that conspiracy at the time of the statements/activities in question. The Government responds [Doc. 129] in opposition, asking that the Court permit it to present hearsay statements subject to a later determination of their admissibility by a preponderance of the evidence.

With regard to the determination of the existence of the conspiracy as a requirement of introducing a co-conspirator's statement, the Sixth Circuit has approved three potential procedures for resolving this issue: (1) holding a pretrial hearing, (2) requiring at trial that the government present evidence of the conspiracy before presenting the co-conspirator's statement, and (3) allowing the government to present the statement before proving the conspiracy at trial but instructing the jury that the government must prove the conspiracy before it can consider the statement. United States v. Vinson, 606 F.2d 149, 152-53 (6th Cir. 1979). The Court notes that it is the general practice in this district to use the third of these options. Because the Defendant's motion relates directly to trial procedures and/or the admissibility of evidence at trial, the Court defers to the historical practice of the District Court to permit the Government to present the statement before proving the conspiracy and then instructing the jury that the government must prove the conspiracy before it can consider the statement. Accordingly, the Defendant's Motion in Limine [**Doc. 109**] for a determination of the existence of the conspiracy prior to the introduction of co-conspirator statements or activities is **DENIED** at this time. The Court notes that the parties are free to request that the District Court use a different procedure at trial.

2

Case 3:09-cr-00064-TWP-HBG   Document 192   Filed 01/26/10   Page 2 of 4   PageID #: 620

## Jury-Out Hearing on the Admissibility of Criminal History

The Defendant [Doc. 110] moves the Court to prohibit the Government from introducing any evidence of his criminal history until the District Court conducts a jury-out hearing on the record to determine whether the probative value of the evidence substantially outweighs its prejudicial effect. The Government responds [Doc. 129] that the admissibility of impeachment evidence in the form of the Defendant's prior drug convictions cannot be determined until the Defendant has testified.

Generally, evidence that a testifying defendant has been convicted of a felony shall be admitted to impeach if "the probative value of admitting this evidence outweighs the prejudicial effect to the accused[.]" Fed. R. Evid. 609(a)(1). Evidence of a felony conviction more than ten years old is inadmissible unless its probative value "substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). Issues of prejudice under the Federal Rules of Evidence must be addressed within the context of the trial. Only the trial judge, who can evaluate the proposed evidence in light of the testimony, is in a position to balance the probative value of the evidence against its prejudicial effect. Accordingly, the Court defers the question of the admissibility of the Defendant's prior convictions for the District Court's determination at trial.

With regard to the method in which the evaluation of this evidence shall be conducted–i.e., whether it be on the record and outside of the jury's presence–is also a matter that rests within the sound discretion of the District Court. Accordingly, the Defendant's second Motion in Limine [**Doc. 110**] is **DENIED** at this time. The Defendant may renew his request that the determination take place in a recorded, jury-out hearing at the time that he makes a proper objection to the admissibility of the criminal conviction at trial.

Accordingly, it is **ORDERED**:

(1) The Defendant Cornel Thompson, Jr's Motion in Limine [**Doc. 109**] requesting a determination of the existence of the conspiracy prior to the introduction of co-conspirator statements or activities is **DENIED**; and

(2) The Defendant's second Motion in Limine [**Doc. 110**] requesting a recorded, jury-out hearing on the admissibility of prior criminal convictions is also **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge

4