IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-CR-64 |
| ) | |
| CORNEL THOMPSON, JR., ) | (PHILLIPS/GUYTON) |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Cornel Thompson, Jr.'s Motion to Sever [Doc.200], filed on February 12, 2010. Defendant Thompson asks that he be severed for trial from his remaining codefendants pursuant to Rule 14, of the Federal Rules of Criminal Procedure. He argues that the nine-month continuance of the trial date, which this Court granted on January 19, 2010, violates his right to a speedy trial under the Sixth Amendment.

**Background**

This case began with a criminal complaint [Doc. 1], which alleged that Holli Mingie, Gregory Breeden, James Williams, Devon Johnson, Ronald Thompson-Bey, Esther Elizabeth McCalebb-Pippens, and Jonathan Paul McCalebb conspired to distribute and to possess with intent to distribute heroin from October 2008 through May 14, 2009. Five days later, on May 19, 2009,

1

an Indictment [Doc. 21] issued for these seven defendants and an additional defendant, Justin Melson, for the same crime. On July 22, 2009, a Superseding Indictment charged these eight defendants plus Brandon Bowman, Cornel Thompson, Jr., and Wendy Vance with conspiracy to distribute and possess with intent to distribute heroin from October 2008 through May 15, 2009. Defendant Thompson had his initial appearance and arraignment [Doc. 79] in this case on that same date. Following a detention hearing on July 24, 2009, the undersigned ordered that Defendant Thompson be detained [Doc. 88] pending his trial on January 26, 2010. Defendant Thompson subsequently moved the Court to reconsider his detention [Doc. 135]. On December 9, 2010, the Court found that the Defendant had not presented information that would warrant the reopening of his detention hearing and denied [Doc. 158] the motion to reconsider

On November 3, 2009, the Court held an evidentiary and motion hearing on all pending motions, including Defendant Thompson's motion to exclude codefendant statements or, alternatively, to sever [Doc. 113] and six other motions filed by Defendant Thompson. The Court also heard evidence and argument on Codefendant Thompson-Bey's suppression motion at this time. Thompson-Bey and the Government provided the Court with supplemental briefs on the suppression issue, and the Court filed a Report and Recommendation [Doc. 170] on the suppression motion on January 12, 2010, and a second Report and Recommendation [Doc. 174] on Defendant Thompson-Bey's motion to dismiss the indictment on January 13, 2010. On January 15, 2010, the Court entered a Memorandum and Order [Doc.180] ruling on Defendant Thompson's pretrial motions. The Court denied Defendant Thompson's motion to sever as moot based upon the parties' resolution of the issue with the Government's agreement that it would not seek to introduce any statements by non-testifying codefendants.

In mid-January 2010, Defendants Thompson-Bey [Doc. 171], Melson [Doc. 172], and Williams [Doc. 179] moved to continue the January 26, 2010 trial. Defendant Thompson-Bey sought a continuance to permit him to file objections on the Court's Report and Recommendation relating to his suppression motion and to pursue the resolution of that motion. Defendants Melson and Williams sought additional time to permit them to enter into plea agreements. At the January 19 hearing on the motions for a continuance, Defendant Thompson-Bey orally moved the Court to deem the case complex for speedy trial purposes. Defendant Thompson objected [Doc. 178] to a continuance, arguing that it would violate his constitutional right to a speedy trial. He argued that he had been detained awaiting trial for six months and that requests for time to permit other defendants to enter into plea agreements was not a valid basis for a continuance under the Speedy Trial Act.

The undersigned continued [Doc. 186] the trial to September 14, 2010, finding that such a continuance served the ends of justice and that the case was complex for speedy trial purposes.[1] The Court found that the nine-month delay attributable to Defendant Thompson-Bey in order for him to complete the litigation of his suppression motion and to prepare for trial was reasonable and, thus, attributable to his codefendants. See 18 U.S.C. § 3161(h)(6). The Court declined to sever Defendant Thompson because he had not demonstrated how he would be prejudiced by a joint trial, but it permitted Defendant Thompson to file a motion to be severed for

---

[1]The Government states that the District Court declared this case complex by way of a February 8, 2010 Order [Doc. 199] adopting this Court's Report and Recommendation. Although the District Court's Order relies upon some of the same factual findings regarding the case as this Court made in the Continuance Order [Doc. 186], the District Court's Order declares the case "extended" and "complex" for purposes of attorney compensation under the Criminal Justice Act.

trial. After requesting [Doc. 194] a brief extension of the filing deadline, Defendant Thompson filed the instant motion [Doc. 200] on February 12, 2010. The Government was also granted a short extension and responded [Doc. 205-1] on March 1, 2010. At the time of these filings, only Defendants Thompson, Thompson-Bey, and McCalebb-Pippens remained in the case, the other defendants having entered into plea agreements with the Government.[2]

On March 10, 2010, Defendant Esther Elizabeth McCalebb-Pippins moved [Doc. 212] for leave to file a suppression motion over the Government's objection [Doc. 213]. The Court granted [Doc. 217] leave to file the motion [Doc. 231]. The Government filed its response [Doc. 220] on April 2, 2010, and Defendant McCalebb-Pippins filed a reply [Doc. 230] on April 21, 2010. On April 23, 2010, the Court held an evidentiary hearing on Defendant McCalebb-Pippin's suppression motion. The Court entered its Report and Recommendation [Doc. 245] on this motion on May 24, 2010. The parties did not object to this report, which remains pending before the District Court.

**Positions of the Parties**

The Defendant asserts that this case now involves three defendants charged in a single-count indictment, discovery in this case is relatively limited and has now been reviewed, and Defendant Thompson-Bey has completed his litigation of his suppression motion. He contends that the delay of his trial to September 2010 is not related to the ends of justice or the actual needs of this

---

[2]Defendant Melson's change of plea hearing is set for August 2, 2010, and Defendant Vance's change of plea hearing is scheduled for August 16, 2010. On June 21, 2010, a change of plea hearing was scheduled for Defendant McCalebb-Pippin. The other Defendants have all entered guilty pleas at this time.

case but, instead, was granted due to the District Court's crowded trial calendar, which is a violation of his right to a speedy trial. Defendant Thompson argues that he is prejudiced by the continuance because he remains in custody and that this prejudice outweighs the expense, time, and use of court facilities required by separate trials. Finally, the Defendant argues that he has a lesser degree of potential culpability than Codefendant Thompson-Bey.

The Government responds [Doc. 205-1] that the Defendant cannot show actual prejudice from a joint trial and, thus, should remain joined. It argues that if the Defendant is severed, the two trials would have virtually identical proof resulting in the waste of judicial time and resources as well as potential problems of prior proof and inconsistent verdicts. It maintains that the case was properly declared complex and is deserving of a full resolution of pretrial issues before it proceeds to trial.

**Analysis**

Rule 8(b) provides that two or more defendants may be charged

> in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). In the present case, the Court finds that the Defendants were properly joined in the same indictment because they are alleged to have participated in the same act or series of transactions, i.e., a conspiracy to distribute heroin over nearly eight months. See United States v. Smith, 197 F.3d 225, 230 (6th Cir. 1999) (observing that "[t]he general rule in conspiracy cases is

5

that persons indicted together should be tried together"); see, e.g., United States v. Welch, 97 F.3d 142, 147-48 (6th Cir. 1996) (affirming denial of severance where defendant only named in three of twenty-nine counts stemming from a conspiracy to sell cocaine), cert. denied, 519 U.S. 1134 (1997).

The general rule is that parties who are jointly indicted should be tried together. United States v. Davis, 809 F.2d 1194, 1207 (6th Cir. 1987); United States v. Dempsey, 733 F.2d 392, 398 (6th Cir. 1980). Joinder of defendants promotes judicial economy because there is almost always common evidence against the joined defendants. United States v. Phibbs, 999. F.2d 1053, 1067 (6th Cir. 1993). Rule 14 permits severance of properly joined counts, if the joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14. Rule 14 expressly provides for the consideration of evidence beyond the mere face of the indictment in stating that "[b]efore ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence." Fed. R. Crim. P. 14.

In assessing the propriety of severance under Rule 14, the Court must balance the public's interest in avoiding multiple trials with the defendant's interest in a fair trial. United States v. Wirsing, 719 F.2d 859, 864-65 (6th Cir. 1983). As a general rule, severance should be granted only if a defendant can show "substantial," "undue," or "compelling" prejudice. United States v. Warner, 971 F.2d 1189, 1196 (6th Cir. 1992) (quoting tests from other Sixth Circuit cases). In light of the preference for joint trials, when joinder is proper under Rule 8, a court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993).

Defendant Thompson argues that a joint trial in this case violates his specific right to a speedy trial. He appears to contest the Court's finding that this case is complex for speedy trial purposes by pointing out that it now only has three[3] defendants proceeding to trial, involves a single count of conspiracy to distribute and possess with intent to distribute heroin, and the investigation is now complete. Although he acknowledges that the case involves electronic interception of two telephones for a sixty-day period, he maintains that the discovery was "relatively limited" and was provided nearly a year ago. Thus, he argues that the nine-month continuance in January 2010 was unrelated to the ends of justice or the actual needs of the case but was, instead, the product of the District Court's crowded trial calendar.

"The Sixth Amendment to the United States Constitution guarantees, in pertinent part, that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial.'" United States v. Brown, 169 F.3d 344, 348 (6th Cir. 1999) (quoting U.S. Const. amend VI). The Speedy Trial Act, 18 U.S.C. § 3161 et seq, was enacted to protect both the criminal defendant's right to a speedy trial and the public's interest in prompt adjudication of criminal matters. United States v. Moss, 217 F.3d 426, 432 (6th Cir. 2000); see also United States v. Turner, 602 F.3d 778, 783 (6th Cir. 2010) (observing that "[u]nlike many rights, the rights protected by the Speedy Trial Act belong not just to the defendant, but also to the public at large"). The Speedy Trial Act contemplates that not every criminal case will be completed within the seventy days provided by the Act and expressly sets out "periods of delay" that are excluded from that seventy-day time frame. 18 U.S.C. §3161(h). The Speedy Trial Act also provides that the Court may grant an "ends of

---

[3] At the time of this writing, two Defendants are likely to remain set for trial: Defendants Thompson and Thompson-Bey.

justice" continuance when "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. §3161(h)(7)(B)(ii).

In the present case, the Court found [Doc. 186] that this case is "complex" for speedy trial purposes due to the number of Defendants, the nature of the prosecution (that the alleged crime occurred in at least two districts), and the existence of novel legal questions. Although Defendant Thompson's defense is apparently not affected by these aspects of the case, Defendant Thompson-Bey, who requested the lengthy continuance, is so affected. The Superseding Indictment names eleven Defendants, but the number proceeding to trial has now dwindled to two. Nevertheless, the Defendants proceeding to trial must still investigate the roles of all the other Defendants in order to prepare their defenses. Moreover, the evidence presented at the suppression hearings reveals that Defendant Thompson-Bey was stopped in Detroit, Michigan, where he resided, while en route to Knoxville, Tennessee, and that heroin was found in his luggage. Thus, Defendant Thompson-Bey must investigate allegations occurring in at least two districts.

Finally, Defendant Thompson-Bey raised a novel legal issue in his suppression motion, i.e., the application of the search incident to arrest exception in the wake of the Supreme Court's April 2009 decision in Arizonia v. Gant, 129 S. Ct. 1710 (2009). Admittedly, this novel legal issue has now been resolved for purposes of the trial, but the litigation of this matter took longer than the normal time limits established by the Speedy Trial Act for resolving pretrial motions. While the pretrial motions of Defendant Thompson-Bey and Defendant McCalebb-Pippin appear to be largely resolved, Defendant Thompson-Bey still needs time to prepare for trial, which could

8

also take longer than "normal" given the number of codefendants and the multiple districts involved. Thus, the Court stands by its decision that this case is complex for speedy trial purposes. 18 U.S.C. § 3161(h)(7)(A) & (B)(ii). The Court also continues to find that the delay attributable to Codefendants Thompson-Bey and McCalebb-Pippen is reasonable. See 18 U.S.C. § 3161(h)(6) (excluding delay attributable to one codefendant as to all codefendants when that delay is reasonable). Thus, the Court again concludes that Defendant Thompson's speedy trial rights are not violated by the continuance required by his codefendants.

The fact that a defendant remains in custody pending a reasonable continuance granted at the request of a codefendant does not constitute the type of compelling prejudice that results in a severance. See United States v. Logan, Nos. 97-5912, 97-5914, 1999 WL 551353, at *16 (6th Cir. July 19, 1999). The Court of Appeals for the Sixth Circuit addressed a similar situation in Logan: Defendant Kumar, who was detained pending trial, argued "that his rights to a speedy trial were violated when the trial court granted [Codefendant] Logan's motion for continuance, and that this gave rise to grounds for severance." Id. The appellate court found Kumar's claim to be "without merit[,]" because Kumar had not shown the delay in his trial interfered with his preparation of his defense or "substantially prejudiced his case." Id. "Moreover, a defendant's right to speedy trial is not violated by the grant of a continuance in a joint trial where one defendant asks for reasonable time to undergo a mental examination." Id. The Court finds this reasoning to apply equally in the instant case. Defendant Thompson is not prejudiced in a way that would merit severance by the Court granting Defendant Thompson-Bey a reasonable time to complete the litigation of pretrial motions and to prepare for trial.

9

The Court finds that Defendant Thompson has failed to show specific and compelling prejudice, which would harm his trial rights. Accordingly, his Motion to Sever [**Doc. 200**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge